IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

HALLMARK SPECIALTY INSURANCE COMPANY,

    Plaintiff,

vs.

OM HOSPITALITY, LLC,

    Defendant.

Case No. 6:22-cv-3206

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Hallmark Specialty Insurance Company ("Hallmark"), by the undersigned counsel, for its Complaint against Defendant OM Hospitality, LLC ("OM Hospitality") states as follows:

### Parties

1. At all times mentioned, Hallmark was an Oklahoma Corporation with its principal place of business in Dallas, Texas.

2. OM Hospitality is a Missouri Limited Liability Company with its principal place of business in Springfield, Missouri. Attached as Exhibit A is a true and correct copy of OM Hospitality's Articles of Organization ("Articles"), showing that Sanjay Patel ("Mr. Patel"), of Springfield, Missouri is its registered agent and that Patel and Leana Patel, both of Springfield, Missouri, are its organizers. The Articles do not identify any other persons.

## Nature of Action

3. Hallmark issued a Commercial General Liability Policy to OM Hospitality, 2425 W 76 Country Boulevard, Branson, Missouri 65616, policy number G24400383, effective December 10, 2018 to December 10, 2019 ("Policy"). A true and correct copy of the Policy is attached as Exhibit B and incorporated by reference.

4. Debra Louise Smith ("Smith") alleges that on June 22, 2019, while a guest at the OM Hospitality location at 1221 Millcreek Road, Lebanon, Missouri, she fell in the parking lot ("Accident").

5. On or about September 8, 2021, Smith filed a Petition for Damages ("Petition") in the Circuit Court of Laclede County, Missouri Circuit Division, Case No. 21LA-CC00064, in which she alleges that OM Hospitality's negligence caused the Accident ("Action"). A true and correct copy of the Petition is attached as Exhibit C and incorporated by reference.

6. On October 20, 2021, OM Hospitality's insurance broker, Sabco Insurance, Inc., tendered the Petition to Hallmark.

7. Also on October 20, 2021, Effective Claims Management, Inc. ("ECM"), on behalf of Hallmark, acknowledged receipt of the Petition to OM Hospitality.

8. By letter dated April 5, 2022 to OM Hospitality, ECM reserved its rights under the Policy and assigned Keith Phoenix of Sandberg, Phoenix & Von Gontard to ("Phoenix," "Sandberg firm") to defend OM Hospitality in the Action.

9. OM Hospitality has not responded to ECM's April 5, 2022 letter.

10. Hallmark is informed and believes and based thereon alleges that Mr. Patel initially provided the Sandberg firm with some information but since April 18, 2022, has not responded to the Sandberg firm's communications seeking additional information regarding the Accident.

11. The Sandberg firm needs the additional information it has requested in order to respond to Smith's discovery and adequately defend OM Hospitality in the Action.

12. By email on May 24, 2022, Cindy Buckholz of Hallmark advised Mr. Patel that Hallmark was reserving its rights against OM Hospitality in connection with Mr. Patel's failure to cooperate with the defense of the Action.

13. Hallmark brings the instant action because OM Hospitality's ongoing failure to cooperate with the defense of the Action is a breach of the Policy's "cooperation clause" and is substantially prejudicing Hallmark.

## Jurisdiction and Venue

14. This Court has federal diversity jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. Specifically, this Court has federal diversity jurisdiction pursuant to § 1332 because: (1) the amount in controversy exceeds $75,000.00 exclusive of interest and costs; and (2) there is complete diversity between Hallmark on the one hand, and OM Hospitality's members on the other.

15. Venue is proper in this District under 28 U.S.C. § 1391(a) because the Accident at issue was in this District.

## The Policy

16. The Policy defines "you" and "your" to refer to OM Hospitality.

17. The Policy defines "we," "us," and "our" to mean Hallmark.

18. The Policy's "cooperation clause" states:

SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

\*\*\*\*\*\*\*\*\*\*

2. Duties In The Event Of Occurrence, Offense, Claim Or Suit

   a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

      (1) How, when and where the "occurrence" or offense took place;

      (2) The names and addresses of any injured persons and witnesses; and

      (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

   b. If a claim is made or "suit" is brought against any insured, you must:

      (1) Immediately record the specifics of the claim or "suit" and the date received; and

      (2) Notify us as soon as practicable.

   You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

   c. You and any other involved insured must:

      (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

      (2) Authorize us to obtain records and other information;

      (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

      (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

   d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

## FIRST CAUSE OF ACTION

(Declaratory Relief Against OM Hospitality)

19. Hallmark refers to and incorporates by reference the allegations in paragraphs 1 through 18 of this Complaint as though fully set forth herein.

20. Hallmark will be substantially prejudiced because OM Hospitality's failure to cooperate in the defense of the Action is preventing the development of facts.

21. The facts which Hallmark cannot develop due to OM Hospitality's failure to cooperate include but are not limited to whether Smith was in fact a guest at the time of the Accident, whether there were any witnesses to the Accident, and information regarding the storm/sewer drain cover that Smith alleges is a hole in the parking lot.

22. OM Hospitality's failure to cooperate in the defense of the Action makes it impossible to respond to Smith's discovery. If OM Hospitality does not timely serve appropriate discovery responses, the court may strike OM Hospitality's answer in the Action and enter a default judgment against it.

23. Hallmark will be substantially prejudiced because OM Hospitality's failure to cooperate in the defense of the Action may result in Smith obtaining a judgment (a) where she may not be entitled to one or (b) in an amount far exceeding the amount she would have otherwise obtained and in excess of the $75,000 minimum under 28 U.S.C. §§ 1332(a).

24. There presently exists a controversy between Hallmark, on the one hand, and OM Hospitality on the other hand, in that Hallmark contends that OM Hospitality has breached the Policy's "cooperation clause" resulting in substantial prejudice to Hallmark.

25. Accordingly, a declaration of this court is necessary to determine the rights and obligations existing between Hallmark and OM Hospitality under the Policy.

WHEREFORE, Hallmark prays for judgment against OM Hospitality as follows:

1. For judgment declaring that OM Hospitality has breached the Policy's "cooperation clause" resulting in substantial prejudice to Hallmark;

2. For judgment declaring that Hallmark has satisfied its obligations to OM Hospitality under the Policy and is no longer required to defend OM Hospitality in the Action;

3. For judgment declaring that Hallmark has satisfied its obligations to OM Hospitality under the Policy and is not required to indemnify OM Hospitality for any judgment against it in the Action;

4. For the costs of suit incurred herein; and

5. For such other and further relief as this Court deems just and proper.

/s/ Matthew S. Jensen
Matthew S. Jensen, MO #49550
LEWIS BRISBOIS BISGAARD & SMITH LLP
4600 Madison Ave. Suite 700
Kansas City, MO 64112
Telephone: (816) 299-4244
Facsimile: (816) 299-4245
matthew.jensen@lewisbrisbois.com

*Attorney for Plaintiff Hallmark Specialty Insurance Company*